**In the Matter of Joe Alvin SEXTON, Novena J. Sexton, d/b/a Atomic Oil Company, d/b/a Sexton Oil Company, d/b/a Sexton Construction Company, d/b/a Sexton Tire Company, Debtors.**

**FRUEHAUF CORPORATION, Plaintiff,**

v.

**Joe Alvin SEXTON, Novena J. Sexton, Aztex Energy Company, and Leon Steinberg, Trustee, Defendants.**

**Civ. No. 3–82–35.**

United States District Court, E. D. Tennessee, N. D.

March 19, 1982.

C. A. Ridge, Jr., Knoxville, Tenn., for plaintiff.

W. Morris Kizer, Arthur G. Seymour, Knoxville, Tenn., for defendants.

MEMORANDUM

ROBERT L. TAYLOR, District Judge.

In this appeal from a decision of the Bankruptcy Court the issue presented is whether under Tennessee law a security interest in a semitrailer is perfected by the notation of the lien upon the certificate of title or by the filing of a financing statement with the Tennessee Secretary of State.

The facts of this case were stipulated and are as follows. On November 2, 1978 Frue-

hauf Corporation (Fruehauf) sold Joe Alvin Sexton a gasoline tanker trailer. Sexton granted Fruehauf a security interest in the semitrailer to secure the unpaid balance of the purchase price. On January 10, 1979 Fruehauf caused its lien to be noted on the vehicle's certificate of title issued by the Tennessee Secretary of State. On July 10, 1979 Sexton granted Aztex Energy Company (Aztex) a security interest in the same semitrailer. The following day Aztex filed financing statements in the office of the Tennessee Secretary of State in an attempt to perfect a security interest in the semitrailer.

On November 26, 1979 Sexton filed a bankruptcy petition which led to the present adversary proceeding. After recognizing that the Tennessee statutes on this subject are conflicting, the Bankruptcy Court concluded that a security interest in a semitrailer is perfected by notation of the lien on the vehicle's certificate of title. The Bankruptcy Court thus held that Fruehauf's lien was superior and took priority over the unperfected security interest of Aztex. Aztex filed this appeal.

In Tennessee, a party must file a financing statement to perfect a security interest in many kinds of property. Tenn.Code Ann. § 47–9–302. There are exceptions to this rule which are set forth in the statute. Sections 47–9–302(3)(b) and (4) provide that

(3) The filing provisions of this chapter do not apply to a security interest in property subject to a statute:

\* \* \* \* \* \*

(b) of this state which provides for central filing of, or which requires indication of a certificate of title of, such security interests in such property.

(4) A security interest in property covered by a statute described in subsection (3) can be perfected only by registration or filing under that statute or by indication of the security interest on a certificate of title or a duplicate thereof by a public official.

Sections 55–3–123, *et seq.* are statutes which require indication of the security interest on a certificate of title. The parties have stipulated that the Fruehauf trailer which is the subject of this dispute is a semitrailer as defined in Tenn.Code Ann. § 55–1–105(b), which provides as follows:

The word "semitrailer" shall mean every vehicle without motive power and not a motor vehicle as herein defined, other than a pole trailer, designed for carrying persons or property and for being drawn by a motor vehicle and so constructed that some part of its weight and that of its load rests upon or is carried by another vehicle.

Because a semitrailer is a vehicle, it must be registered as required by Tenn.Code Ann. § 55–4–113(6). All owners of vehicles subject to registration must apply for a certificate of title and in the application note all liens or encumbrances upon the vehicle. Tenn.Code Ann. § 55–3–103(a). Upon approval of the application, the Division of Motor Vehicles will issue a certificate of title with all liens or encumbrances noted. Tenn.Code Ann. § 55–3–114. The notation of the lien or encumbrance on the certificate of title constitutes constructive notice "to subsequent purchasers and encumbrances," subject to certain exceptions not applicable here. Tenn.Code Ann. § 55–3–126.

Aztex contends that the certificate of title provisions of Chapter 3 of Title 55 are inapplicable to semitrailers because Chapter 3 requires certificates of title for motor vehicles only. Tenn.Code Ann. § 55–3–101. Because a semitrailer is not a motor vehicle, Aztex argues that the provisions of Chapter 3 governing perfection of security interests in motor vehicles are inapplicable to semitrailers. Aztex contends further that § 55–4–113(B), which requires registration of semitrailers, requires registration for the limited purposes of taxation and issuance of license plates. However, we cannot agree that the mere fact that the registration provision for semitrailers appears in Chapter 4 rather than Chapter 3 of Title 55 indicates that the provisions of Chapter 3 do not apply to semitrailers. Section 55–3–103(a) requires the owner "of a vehicle, subject to registration hereunder" to apply for a certificate of title. The only registration provisions are contained in Chapter 4. In the opinion of this Court, this is evidence

that the Legislature intended that these chapters be read together.

Because the applicable statutes require notation of the lien on the certificate title, the filing of a financing statement is not required, Tenn.Code Ann. §§ 47–9–302(3) and (4), and we must, therefore, conclude that a security interest in a semitrailer is perfected by notation of the lien on the vehicle's certificate of title.

Aside from the statutes, as a matter of equity Fruehauf should be entitled to priority since it caused its lien to be noted on the certificate of title and this constituted constructive notice to all subsequent purchasers and creditors that the semitrailer was encumbered. Tenn.Code Ann. § 55–3–126(a). Aside from this aspect of the case, we are of the opinion that the Bankruptcy Court was correct in the interpretation of the Tennessee statutes governing this case.

For the reasons stated, it is ORDERED that the judgment of the Bankruptcy Court be, and the same hereby is, affirmed.

Order Accordingly.